**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| NORA H. HUMPHRIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>                                     ) | C.A. No.: 3:05-2434-PMD-JRM<br><br>**ORDER** |

This is an action brought pursuant to Title 42, Sections 405(g) and 1383(c)(3), of the United States Code, to obtain judicial review of the Commissioner of Social Security's final decision, which denied Nora Humphries' ("Humphries" or "Plaintiff") claims for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI"). The record includes a Report and Recommendation ("R & R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be adopted. Plaintiff timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

**BACKGROUND**

Plaintiff is a fifty-eight year-old woman with a fourth grade education and past work experience as a fast food worker, short-order cook, and cleaner/janitor. She alleges that she became disabled on July 21, 2002, due to back and leg problems and gastroesophageal reflux disease ("GERD").

Dr. Mitchell Hegquist evaluated Plaintiff on February 28, 2003, and reported that she

1

complained of chronic low back pain with episodic radiation of pain into the posterior aspect of the left leg. There was no history of injury, but Plaintiff reported having an unspecified lumbar back surgery at age 26 to treat a "bad nerve." Prior to her evaluation with Dr. Hegquist, Plaintiff had made only sought treatment for her low back and leg pain once, by making one visit to the Camden Area Free Medical Clinic on January 3, 2003. During this January visit, the clinic physician performed no diagnostic studies and only examined Plaintiff's lower left leg, not her back. The clinic physician advised her to wear support hose to treat the episodic swelling in her left leg. Plaintiff reported to Dr. Hegquist that she had done this and had not noted any significant improvement. She was not given any medications or other treatment at the Free Medical Clinic. She complained to Dr. Hegquist that any standing or walking more than thirty minutes caused radiation of pain into her left leg, and that this pain typically resolved itself with rest. An examination of Plaintiff's extremities showed only trace edema on the left. The extremity joints were otherwise without tenderness, swelling, deformity or instability. Physical examination of the back was unremarkable, but an x-ray showed aortic calcification in her lumbosacral spine as well as diffuse endplate sclerosis throughout the lumbosacral spine. Dr. Hegquist also noted that Plaintiff had a history of GERD, but that it was successfully controlled by Prevacid once a day.

Medical records from Kershaw County Community Medical Center ("KCCMC") from visits made between January 3, 2003 and February 17, 2004, show that Plaintiff continued to complain of lower back pain occurring whenever she stood for long periods of time. KCCMC did not perform any significant examinations, and KCCMC did not place any limitations or restrictions on Plaintiff. KCCMC also treated Plaintiff for anxiety and depression. Plaintiff reported that her anxiety and depression were much better after increased medication.

Plaintiff applied for SSI on November 30, 2002, and for DIB on December 10, 2002. Plaintiff's applications were denied initially and on reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). After a hearing held September 14, 2004, at which Plaintiff appeared and testified, the ALJ issued a decision denying benefits and finding that Plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform light work, and could therefore perform her past relevant work as a fast food worker. On August 1, 2005, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision for the purposes of judicial review. Plaintiff filed this action on August 22, 2005.

## DISCUSSION

### I.     MAGISTRATE JUDGE'S R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, including the R & R and the Plaintiff's objections. Pursuant to this review, the court concludes that the Magistrate accurately detailed the facts at issue. Accordingly, the court adopts the R & R in full and incorporates it into this Order.

### II.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the

Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."  *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether there is substantial evidence, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

### III.  COMMISSIONER'S FINAL DECISION

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c).  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity

> one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *See Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found (1) that Humphries met the disability insured status requirements, (2) that she has not engaged in substantial gainful activity since her alleged onset date, (3) that her impairments, degenerative joint disease and gastroesophageal reflux disease, are severe but do not meet or equal a listed impairment, (4) that Humphries' allegations regarding her limitations are not fully credible; (5) that she retains the residual functional capacity to perform "light work activity," and (6) that, because her past relevant work as a fast food worker is unskilled and light work, and did not require the performance of work-related activities precluded by her residual functional capacity, Plaintiff is able to perform her past relevant work. Accordingly, the ALJ found that Humphries is not under a "disability" as defined by the Social Security Act.

## IV.    ANALYSIS

Plaintiff objects that the Magistrate Judge erred in finding that the ALJ's determination that Plaintiff could perform light work is supported by substantial evidence. Specifically, Plaintiff claims that the ALJ improperly discounted her claims of subjective pain. At the hearing before the ALJ, Plaintiff testified that she was only able to stand for approximately 10 minutes before she had to sit down, and that she could only walk about a quarter of a block before she had to rest. Plaintiff claims that because the record contains evidence of medically proven impairments that could reasonably be expected to produce the pain as she alleges it, the ALJ erred in finding that her claimed limitations were not credible. Plaintiff further contends that, in finding she was not disabled, the Magistrate Judge erroneously relied on the lack of medical opinions in the record indicating that she had limitations on her functional capacity.

Plaintiff correctly asserts that where a claimant proves the existence of a medical condition that could cause pain, the claimant's subjective complaints must be considered by the ALJ, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective evidence. *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994) (quoting 42 U.S.C. § 423(d)(5)(A)). Nonetheless, the court notes that subjective claims of pain need not be accepted to the extent they are inconsistent with the available medical and non-medical evidence. Such evidence includes: the use and effects of medications, the claimant's ability to perform daily activities, the consistency of the claimant's allegations, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges she suffers. Social Security Ruling 96-7p. Where the ALJ makes a determination regarding a claimant's credibility, the ALJ must adequately "explain the reasons for the finding about the credibility of the individual's statements in the disability determination or

decision." Social Security Ruling 96-7p. If the ALJ points to substantial evidence in support of his decision and adequately explains the reasons for his finding on the claimant's credibility, the court must uphold the ALJ's determination. *Mastro v. Apfel*, 270 F.3d at 176 (holding that the court is not to "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency).

In this case, Plaintiff's impairment - degenerative joint disease - is of the nature and type that can produce significant pain; however, the court finds that the ALJ correctly considered the medical and non-medical evidence in finding that Plaintiff's claims of debilitating pain were not credible. The ALJ adequately explained and supported by substantial evidence his finding that Plaintiff's claimed limitations were not totally credible. The ALJ properly considered the following non-medical evidence: Despite her claims of debilitating pain, Plaintiff testified at the hearing that she does not take any prescription pain medication and takes only aspirin when she is hurting. *See Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (approving of the ALJ's consideration of a claimant's lack of strong pain medication in finding that subjective claims of pain were not credible). She claimed to "occasionally" use a cane, but she did not bring the cane to the hearing and the cane was never prescribed or suggested by a physician. *See Lee v. Sullivan*, 945 F.2d 687, 692 (4th Cir. 1991) (approving of ALJ's discounting of claimant's allegation that he had to lie down several times a day because no physician had suggested that he was required to lie down due to his condition). She further testified that she is able to attend to her personal care and can perform some household chores. This non-medical evidence is inconsistent with Plaintiff's claims that she can only stand for ten minutes at a time and is incapable of performing any light work.

The court further notes that the medical evidence does not indicate that Plaintiff's

impairments cause her to suffer the severe pain she claims. While Plaintiff alleges significant limitations, no treating or examining physician has indicated that Plaintiff's impairments limit her functional capacity to the extent she claims. *Melton v. Apfel*, 181 F.3d 939, 942 (8th Cir. 1999) (lack of medically necessary restrictions supported ALJ's finding that Plaintiff was not disabled). According to the medical records provided by her treating physicians at KCCMC, Plaintiff complained of leg pain and back pain, but was not instructed to limit her movements, nor was it noted that the pain was debilitating, nor was she prescribed any pain medication. Her examining physician, Dr. Hegquist, reported that Plaintiff had "trace edema" in her left leg and that her x-rays indicated some calcification and schlerosis of the spine, but that she had a full range of motion in her back, a normal gait, and was able to get on and off the examining table without any difficulty. The record also contains two Physical Residual Functional Capacity Assessments ("PRFCA") of Plaintiff, the first performed on March 12, 2003, and the second on August 5, 2003. The physicians performing Plaintiff's PRFCAs both found that her impairments did not prevent her from being able to "stand and /or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday," that she can occasionally lift twenty pounds, frequently lift ten pounds, and is unlimited in what she can pull or push. The medical evidence before the ALJ therefore supports his determination that, despite her claims to the contrary, Plaintiff is capable of performing light work and thus can perform her past relevant work as a food service worker.

The ALJ need not accept Plaintiff's subjective claims of pain to the extent they are inconsistent with the available medical and non-medical evidence. After reviewing the record and the ALJ's stated reasons for discrediting Plaintiff's subjective claims of pain, the court finds that the ALJ's reasons for this decision are supported by substantial evidence and adequately explained.

8

Accordingly, the Magistrate Judge did not err in recommending that the court adopt the Commissioner's decision that, because Plaintiff is capable of performing her past relevant work, she is not disabled. The court therefore adopts the R & R in full and incorporates it into this Order.

## CONCLUSION

It is hereby **ORDERED**, for the foregoing reasons, that the Commissioner of Social Security's decision to deny Plaintiff Nora Humphries' claim for Supplemental Security Income and Disability Insurance Benefits is **AFFIRMED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 12, 2006.**